Filed 9/25/23  P. v. Challoner CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080908 |
| v. | (Super.Ct.No. FVA1300504) |
| DAMON JAMES ANKER CHALLONER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Reversed and remanded, with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and A. Natasha Cortina, Lynne G. McGinnis, and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant, Damon James Anker Challoner, appeals the trial court's denial of his petition for resentencing made pursuant to former Penal Code section 1170.95.[1] Defendant claims the trial court improperly denied his petition at the prima facie stage by relying on evidence outside the record of conviction. Specifically, defendant claims the preliminary hearing transcript and police reports are not part of the record of conviction and thus should not have been considered. We agree and reverse.

## PROCEDURAL BACKGROUND

On January 6, 2014, defendant was charged by information with one count of murder (§187, subd. (a); count 1). The information also alleged that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). The People amended the information at the time of the plea changing count 1 from murder (§187, subd. (a)) to voluntary manslaughter (§ 192, subd. (a)). The People also amended the information at the time of the plea changing the personal discharge of a firearm allegation (§ 12022.53, subd. (d)) to a personal use of a firearm allegation (§ 12022.5). On June 27, 2017, defendant pled guilty to voluntary manslaughter and admitted the personal firearm use allegation, in exchange for a sentence of 21 years. On August 31, 2017, the trial court sentenced defendant pursuant to the plea agreement to a 21-year determinate term in state prison.

---

[1] All further unlabeled statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

On November 30, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. On the petition, defendant checked three boxes. Defendant checked the box stating that an information was filed against him that allowed the prosecution to proceed under a "theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." Defendant checked the box stating that he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder." Defendant also checked the box stating he could not presently be convicted of murder because of the changes made to sections 188 and 189.

On March 10, 2023, the trial court held a hearing on the petition. At the hearing, the trial court stated it had reviewed the preliminary hearing transcript and police reports. In ruling, the trial court stated, "There are two witnesses that testified under oath that he was the shooter, and he made incriminating statements that came out at the preliminary hearing indicating that he was the shooter. There was no other suspect, and therefore he cannot make a prima facie showing that he's entitled to any relief under [former section] 1170.95."

Defendant filed a notice of appeal on March 14, 2023.

DISCUSSION

A.      *Senate Bill No. 1437 and Section 1172.6 Relief*

Senate Bill No. 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate natural and probably consequences liability for first and second degree murder.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 846-847, superseded by statute on other grounds as stated in *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 584.)  Senate Bill No. 1437 also created a procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended.  (Stats. 2018, ch. 1015; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met.  (§ 1172.6 subd. (b)(1)(A).)  There are three criteria for eligibility:  (1) A charging document was "filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶] (3) The petitioner could not presently be convicted of murder or attempted murder

4

because of changes to [s]ection 188 or 189." (§ 1172.6, subd. (a)(1)-(3).) If the petition complies with the requirements of section 1172.6, subdivision (b)(1), "the court shall hold a hearing to determine whether the petitioner has made a prime facie case for relief." (§ 1172.6, subd. (c).)

Defendant presents a petition alleging the three necessary requirements under section 1172.6. Thus, defendant's petition is facially sufficient, and he is entitled to a prima facie hearing. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 974 (*Eynon*).)

B.      *Prima Facie Review is Limited to Review of the Record of Conviction*

When conducting a prima facie review, the trial court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*Eynon*, *supra*, 68 Cal.App.5th at p. 975, quoting *Lewis*, *supra*, 11 Cal.5th at p. 971.) "The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*).) At the prima facie stage, the trial court is not permitted to go beyond the record of conviction and engage in fact-finding or the weighing of credibility. (*Eynon*, at p. 975.) There is no statutory definition of "record of conviction." However, courts have analyzed and ruled certain types of evidence as constituting the record of conviction.

5

### 1. *The Police Report*

Police reports are not part of the record of conviction. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.) Here, the trial court reviewed the police reports in evaluating whether defendant made a prima facie showing for relief. Thus, the trial court erred in reviewing evidence outside the record of conviction.

### 2. *The Preliminary Hearing Transcript*

Portions of preliminary hearing transcripts have been considered part of the record of conviction when a valid hearsay exception exists allowing their evidentiary admission. (*People v. Reed* (1996) 13 Cal.4th 217 (*Reed*); see *People v. Bartow* (1996) 46 Cal.App.4th 1573 (*Bartow*).) In *Reed*, the preliminary hearing transcript contained the testimony of the actual victims, thus falling under Evidence Code section 1291, subdivision (a). (*Reed*, at p. 221.) In evaluating whether the "live" testimony from the preliminary hearing could be considered part of the record of conviction, the court in *Reed* noted the defendant's prior opportunity to confront and cross-examine witnesses during a proceeding with a similar motive. (*Id.* at p. 228.) Similarly, in *Bartow*, the preliminary hearing transcript contained the personal observations of the law enforcement officer who testified at the preliminary hearing. (*Bartow*, at pp. 1577-1578.)

The reasoning employed by the court in *Reed* and *Bartow* is inapplicable here. The evidence presented at the preliminary hearing was admitted largely pursuant to section 872, subdivision (b), with no other hearsay exception applicable. At the preliminary hearing, two law enforcement officers testified to what percipient witnesses

6

told them they witnessed. The witnesses who testified "live" at the preliminary hearing, thus subjected to cross-examination, had little to no personal observations to offer regarding the identity and circumstances of the shooting. Introducing percipient witness testimony through section 872, subdivision (b), denied defendant the opportunity to confront and cross-examine the percipient witnesses. In denying defendant's petition, the trial court also relied on defendant's "incriminating statements that came out at the preliminary hearing indicating that he was the shooter." These statements also relied on section 872, subdivision (b), for admissibility with no other hearsay exception applicable.

Nearly all the preliminary hearing testimony about the circumstances of the shooting and identity of the shooter was presented pursuant to section 872, subdivision (b), with no other hearsay exception applicable. As such, none of the substantive testimony from the preliminary hearing transcript is part of the record of conviction. Thus, the trial court erred in considering the preliminary hearing transcript.

C. *Prior Agreement to a Factual Basis Existing Within a Document Does Not Necessarily Make the Document Admissible During the Prima Facie Review*

Respondent argues the trial court properly considered the preliminary hearing transcript and police reports during the prima facie hearing because defendant "stipulated" to a factual basis from the police report and/or the preliminary hearing transcript at the time of the plea. Defendant argues the exchange between the trial court and the parties at the time of the plea did not amount to a stipulation. We agree.

7

A clear admission to certain facts during a plea can serve as a basis to find a petitioner ineligible for resentencing as a matter of law. (*People v. Romero* (2022) 80 Cal.App.5th 145, 148 (*Romero*).) A " 'defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document.' [Citation.] Thus, absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute [] a binding admission for all purposes.' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [concluding that defense counsel's stipulation to the grand jury testimony did not correspond to an admission by the defendant to any of the evidence presented therein such that the defendant was per se ineligible for relief at the prima facie stage], quoting *People v. French* (2008) 43 Cal.4th 26, 50-52).)

The facts, here, are substantively different from cases where the court found a petitioner ineligible for resentencing as a matter of law. (*Romero*, *supra*, 80 Cal.App.5th at p. 148 [Romero made a specific admission to having committed the murder "intentionally, deliberately, and with premeditation"]; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161 [Nguyen stipulated to the review of the preliminary hearing transcript as part of his petition submission].

At the time of the plea, the trial court inquired of the parties, "If the Court were to read the preliminary hearing transcript and/or the [p]olice [r]eport, would the Court find a factual basis?" Both the People and defense counsel replied in the affirmative, stating, "Yes." This exchange between the trial court and the parties lacks clarity and specificity.

8

The reference to two separate sources (the preliminary hearing transcript and the police report) in the conjunctive and in the alternative, the absence of the term stipulation during the exchange, and the presentation of the question by the court as a hypothetical, differentiates this exchange from the typical stipulation. Defendant did not admit the truth of the evidence introduced at the preliminary hearing or in the police reports. Rather defense counsel merely agreed that if the court were to read the preliminary hearing transcript and/or the police report, a factual basis would be found. The exchange between the trial court and defense counsel does not constitute an admission nor a stipulation. As such, the preliminary hearing transcript remains inadmissible for consideration during the prima facie stage.

D. *The Prohibition of Section 872, subdivision (b), Hearsay Evidence at an 1172.6 Evidentiary Hearing Applies to the Prima Facie Hearing*

Respondent argues nothing statutorily prevents the trial court from considering section 872, subdivision (b), hearsay evidence presented at the preliminary hearing when conducting a prima facie hearing. Section 1172.6 statutorily limits the admissibility of section 872, subdivision (b), hearsay evidence at a section 1172.6 evidentiary hearing (§ 1172.6, subd. (d)(3)). "[W]e fail to see how evidence that cannot establish a petitioner's ultimate eligibility for resentencing could establish a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. 9.) The statutory limitation of the admissibility of hearsay evidence at the evidentiary hearing would logically apply the same limitation at the prima facie stage of

9

the proceedings. Here, nearly all the testimony at the preliminary hearing was presented pursuant to section 872, subdivision (b). As such, the substantive testimony from the preliminary hearing would be statutorily barred from consideration at the prima facie hearing.

E.     *Admission to Personal Use of a Firearm Does Not in Itself Prove a Defendant was the Actual Killer*

An admission to personally using a firearm does not bar relief pursuant to section 1172.6 as a matter of law. (*Davenport*, *supra*, 71 Cal.App.5th at p. 485 [holding petitioner's admission to a personal firearm use enhancement did not preclude the possibility of prosecution under a felony-murder theory].) Respondent argues that defendant's admission to personal use of a firearm as part of the plea demonstrates that he was the actual killer. "The finding of personal use, however, would not in itself prove defendant was the actual killer." (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) With the substantive testimony from the preliminary hearing transcript excluded from the record of conviction, defendant's admission to personal use of a firearm, standing alone, proves insufficient to demonstrate he was the actual killer. As such, defendant's facially sufficient petition remains unrebutted for the purposes of a prima facie review thus entitling him to an evidentiary hearing.

## DISPOSITION

The trial court's denial of defendant's section 1172.6 petition is reversed.  On remand, the trial court is directed to issue an order to show cause.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                            Acting P. J.

We concur:


MILLER
                    J.


CODRINGTON
                    J.